STATE of Minnesota, Respondent,

v.

Alexander BEGBIE, Appellant.

No. CX–87–1051.

Court of Appeals of Minnesota.

Nov. 17, 1987.

Review Denied Jan. 20, 1988.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Robert M.A. Johnson, Anoka Co. Atty., M. Katherine Doty, Asst. Co. Atty., Anoka, for respondent.

C. Paul Jones, State Public Defender, Melissa Sheridan, Asst. Public Defender, Minneapolis, for appellant.

Considered, and decided by FORSBERG, P.J., and WOZNIAK and STONE, JJ.,[*] with oral argument waived.

## OPINION

FORSBERG, Judge.

Alexander Begbie appeals from his conviction of the crime of terroristic threats in violation of Minn.Stat. § 609.713, subd. 1 (1986). He claims the evidence was insufficient to establish he intended to terrorize the victims and the trial court's jury instructions deprived him of his right to a unanimous verdict.

## FACTS

In 1982, John and Angela Fitzgerald hired appellant Alexander Begbie to build them a home. Begbie worked on the home until the summer of 1983, when the construction stopped due to a contract dispute. The Fitzgeralds sued and obtained a judgment against Begbie.

Unsatisfied with the resolution of the matter, Begbie filed a formal complaint against John Fitzgerald, an attorney, with the Lawyers Professional Responsibility Board in January 1985. The complaint was dismissed.

Meanwhile, a lumber company had sued Begbie for a lumber debt in excess of $50,000. Begbie believed the Fitzgeralds were responsible for this debt and telephoned them on September 10, 1986, in order to collect the money. Angela Fitzgerald answered the phone and informed Begbie that John Fitzgerald was not home. When Begbie began to make threats against her and her husband, Angela turned on her telephone answering machine to record the conversation.

Begbie told Angela that unless the Fitzgeralds assumed the lumber debt, they would both die. Begbie explained that the Australian Mafia had been indebted to him and that he had paid 38,432 Australian dollars to the Mafia to have a member of that organization execute Angela and John Fitzgerald. Begbie stated several times that suicide was the only way out for him and he was taking John Fitzgerald with him. The telephone conversation lasted for more than 45 minutes.

After the conversation with Begbie, Angela Fitzgerald became very upset to the point of crying, and immediately called her husband at work. John Fitzgerald came home and listened to the tape. He was afraid he or his family would be killed at any moment. On the following day, the Fitzgeralds contacted the local police to report the incident.

Begbie was charged with the crime of terroristic threats. At trial the recorded telephone conversation was played for the jury. The jury found Begbie guilty and he appeals.

## ISSUES

1. Was there sufficient evidence to establish that appellant intended to terrorize the Fitzgeralds?

2. Was appellant denied his right to a unanimous verdict?

[*] Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

## ANALYSIS

■ 1. In reviewing a claim of insufficiency of the evidence, this court must ascertain whether, given the facts and the record and the legitimate inferences that can be drawn from those facts, a jury could reasonably conclude the defendant was guilty of the offense charged. *State v. Merrill*, 274 N.W.2d 99, 111 (Minn.1978). This court does not retry the facts, but must take the view of the evidence most favorable to the state and must assume the jury believed the state's witnesses and disbelieved any contradictory evidence. *Id.* If the jury, given due regard to the presumption of innocence and to the state's burden of proving defendant's guilt, could, reasonably have found the defendant guilty, the verdict will not be reversed. *Id.*

Begbie claims the evidence was insufficient to establish he had the purpose of terrorizing the victims, an essential element of the crime of terroristic threats. Minn.Stat. § 609.713, subd. 1 (1986). The word "purpose" in the context of this statute means "aim, objective, or intention." *State v. Schweppe*, 306 Minn. 395, 400, 237 N.W.2d 609, 614 (1975). Terrorize means to cause extreme fear by use of violence or threats. *Id.*

There is abundant evidence to support the jury's finding Begbie had intended to terrorize the victims. Begbie told Angela Fitzgerald that she and her husband would die if they did not pay a debt of his. He told her he had entered into a contract with the Australian Mafia for the murder of the Fitzgeralds and even outlined several ways in which the murders might take place. The jury could have reasonably found Begbie had the purpose of terrorizing the victims.

Begbie claims the threats were mere "transitory anger" and were therefore not made with the intent to terrorize. However, the evidence established Begbie had planned the murder of the Fitzgeralds from as early as March, 1985, six months prior to the telephone conversation with Angela Fitzgerald. Even now, in a supplemental pro se brief to this court, Begbie continues to express a desire that John Fitzgerald die. This is not the expression of mere transitory anger.

■ 2. Begbie claims the trial court's jury instructions violated his right to an unanimous verdict because they did not require the jurors to unanimously agree who Begbie intended to threaten. Because Begbie failed to object to the jury instructions at trial, he waived the right to contest them on appeal. Minn.R.Crim.P. 26.03, subd. 18(3); *State v. LaForge*, 347 N.W.2d 247, 251 (Minn.1984). Begbie claims an exception to this rule allows him to raise the issue on appeal. Minn.R.Crim.P. 26.03, subd. 18(3) provides:

> An error in instructions with respect to fundamental law or controlling principle may be assigned in a motion for a new trial though it was not otherwise called to the attention of the court.

This rule does indeed provide an exception to allow for review of jury instructions which were not objected to under certain circumstances. Begbie's right to a unanimous verdict is an important controlling principle, but Begbie failed to move for a new trial. Begbie made no post-trial motions whatsoever, but instead directly appealed from his conviction. Because Begbie failed to object to the jury instructions at trial and failed to move for a new trial, he has waived his right to raise the issue on appeal. However, we choose to review the merits of Begbie's claim in the interests of justice. See Minn.R.Civ.App.P. 103.04.

Verdicts in criminal cases must be unanimous. Minn.Stat. § 593.01 (1986). The trial court's jury instructions did not require the jury to unanimously agree which victim had been terrorized by Begbie. The issue becomes whether this possibility of disagreement is violative of Begbie's right to a unanimous verdict. Minnesota courts have not addressed this specific issue, but other courts have discussed the unanimity requirement in detail.

The Fifth Circuit Court of Appeals has held that where jury instructions allow for a possibility of significant disagreement among jurors as to what acts were done by the defendant, those jury instructions are violative of the defendant's right to a unanimous verdict. *United States v. Gipson*,

553 F.2d 453, 458 (5th Cir.1977). A leading Wisconsin case summarized the views of other jurisdictions by stating:

> Unanimity is required only with respect to the ultimate issue of the defendant's guilt or innocence of the crime charged, and unanimity is not required with respect to the alternative means or ways in which the crime can be committed. The cases across the country—New York, Michigan, Washington—recognize and note that it is sufficient that all jurors unanimously agree on their ultimate conclusion that the defendant was guilty of the crime charged, though they may not agree on the manner in which the defendant participated in the crime if under any of the alternative ways the defendant would be guilty of the crime charged. To permit any other conclusion would be to permit the guilty defendant to escape accountability under the law because jurors could not unanimously choose beyond a reasonable doubt which of several alternate ways the defendant actually participated, even though all agree that he was, in fact, a participant.

*Holland v. State,* 91 Wis.2d 134, 143, 280 N.W.2d 288, 292 (1979), *cert. denied,* 445 U.S. 931, 100 S.Ct. 1320, 63 L.Ed.2d 764 (1980).

In the present case, the jury agreed that Begbie threatened Angela Fitzgerald, saying that he would kill both her and her husband. Under the circumstances of this particular case, the jury could have reasonably found Begbie had intended to terrorize both John and Angela Fitzgerald. There was sufficient evidence for the jury to find Begbie guilty of terroristic threats to both victims. It is sufficient that all jurors unanimously agreed on their ultimate conclusion that Begbie was guilty of the crime charged, even though they may not have agreed upon exactly which victim Begbie had intended to terrorize.

### DECISION

Affirmed.