THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JEROME SCOTT, Defendant-Appellant.

First District (3rd Division)   No. 1—90—0763

Opinion filed February 10, 1993.

Rita A. Fry, Public Defender, of Chicago (Pamela Pfrang, Assistant Public Defender, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb and David Stabrawa, Assistant State's Attorneys, of counsel), for the People.

JUSTICE RIZZI delivered the opinion of the court:

Defendant, Jerome Scott, was convicted of one count of delivery of a controlled substance (Ill. Rev. Stat. 1989, ch. 56½, par. 1401(d)) in a jury trial and sentenced to five years' imprisonment. On appeal, defendant contends (1) the indictment does not apprise him of the offenses charged or bar subsequent prosecution arising from the same conduct; (2) the trial court committed reversible error when it submitted verdict forms to the jury for only one of the three counts charged in the indictment; (3) section 401 of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1989, ch. 56½, par. 1100 et seq.) violates the due process and equal protection clauses of the United States and Illinois Constitutions; (4) certain improper and prejudicial remarks made by the prosecutor during closing argument entitle him to a new trial; and (5) the trial court improperly admitted evidence of defendant's prior convictions. We reverse and remand.

Defendant was charged by three-count indictment with allegedly delivering hand-rolled cigarettes containing phencyclidine (PCP) to three undercover police officers in three unconnected transactions. At the jury instruction conference, the State tendered Illinois Pattern Jury Instructions, Criminal, No. 26.01 (2d ed. 1981), which provided for the jury to receive six jury forms, one "guilty" and one "not guilty" verdict form for each of the three counts which defendant was charged. The trial court, however, modified this instruction sua sponte to require only two verdict forms, one "guilty" and one "not guilty," be submitted to the jury rather than the six forms requested in the tendered instruction. Defense counsel failed to object. The jury subsequently returned a guilty verdict. This appeal followed.

■ Defendant first contends that the indictment does not apprise him of the offenses charged or bar subsequent prosecution arising from the same conduct. We find the indictment here suffi-

ciently apprises defendant of the charges against him so that he can prepare his defense and protects him from the possibility of duplicate prosecution for the same offense, notwithstanding the omission of a recipient of the alleged deliveries of the controlled substance. Ill. Rev. Stat. 1989, ch. 38, par. 111—3; *People v. Maxwell* (1992), 148 Ill. 2d 116, 136, 592 N.E.2d 960, 969.

■ Defendant next contends that the trial court committed reversible error when it submitted verdict forms to the jury for only one of the three counts charged in the indictment. Although defense counsel failed to make a contemporaneous objection at the instruction conference, we hold that defendant has not waived appellate review of this issue because the trial court's error clearly rises to the level of plain error. (134 Ill. 2d R. 615(a); see also 134 Ill. 2d R. 451(c) (substantial defects involving jury instructions are not waived by failure to make timely objections thereto if the interests of justice require).) After reviewing the record in its entirety, we find that defendant's constitutional right to a unanimous verdict by a 12-person jury was violated when the trial court provided verdict forms for only one of the three counts charged in the indictment. (Ill. Const. 1970, art. I, §13; *People v. Lobb* (1959), 17 Ill. 2d 287, 298, 161 N.E.2d 325, 331.) Accordingly, defendant's conviction must be reversed.

Each count of the indictment separately charged defendant with delivering PCP to a different undercover officer. By submitting verdict forms to the jury for only one count of delivery of a controlled substance, the trial court engendered the possibility of a unanimous guilty verdict only in the sense that all 12 jurors believed that defendant was guilty of one, but possibly not the same, delivery count. It is possible here that only four jurors believed that defendant was guilty of delivering a controlled substance to one of the officers, four other jurors believed that defendant was guilty of delivering a controlled substance to another officer and the remaining four jurors believed that defendant was guilty of delivering a controlled substance to the third officer. This scenario, which is plausible given the facts of this case, permits a unanimous guilty verdict to have been rendered without all 12 jurors agreeing that defendant delivered a controlled substance to a particular recipient as set forth in each count of the indictment. We, therefore, conclude that because defendant was denied the right to a unanimous verdict by a 12-person jury as guaranteed by the Illinois Constitution, defendant's conviction is reversed and the case is remanded for a new

trial. Under the circumstances, we do not address the other issues raised by defendant.

Accordingly, the judgment of conviction is reversed and the case is remanded for a new trial.

Reversed and remanded.

TULLY, P.J., and GREIMAN, J., concur.