

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-09-00058-CR
_____

MICHAEL LEE ALBERTS, SR., Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the Sixth Judicial District Court
Lamar County, Texas
Trial Court No. 21447

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

In a consolidated jury trial of two cases in Lamar County, Michael Lee Alberts, Sr., was convicted of various sexual offenses against two child victims. In trial court case numbered 21447 (this appellate cause number 06-09-00058-CR, addressed in this opinion), the State alleged, in two counts, sexual offenses against K.R.; Count I alleged contact of Alberts' penis with K.R.'s anus, while Count II alleged contact of Alberts' penis with K.R.'s vagina.[1] In the companion case, trial court case numbered 22305 (appellate cause number 06-09-00059-CR, addressed by this Court in a separate opinion issued the same date as this opinion), the State alleged, in three counts, sexual offenses against D.G.

In this case, Alberts argues on appeal that the evidence was legally and factually insufficient to support the judgment, that counsel was ineffective for failing to object to harmful evidence, that the jury charge permitted a nonunanimous verdict, that the trial court erroneously excluded evidence favorable to Alberts during the punishment phase, and that the trial court exhibited bias during the punishment phase.

As to Count I, we modify the judgment to reflect a conviction for indecency with a child by contact, rather than aggravated sexual assault, and reverse and remand the case for a new punishment trial on Count I. As to Count II, we reverse Alberts' conviction thereunder and remand that portion of the case for a new trial on guilt/innocence. We reach those dispositions because, as set out below,

---

[1] In this case, the jury found Alberts guilty of two counts of aggravated sexual assault of K.R. and assessed punishment of twenty-five years' imprisonment for each count.

we hold that (1) under Count I, the evidence was legally insufficient for the jury to find that Alberts committed aggravated sexual assault against K.R., as alleged; (2) under Count I, the evidence was legally and factually sufficient to convict Alberts under the submitted lesser-included offense charge of indecency with K.R. by contact; and (3) under Count II, the jury charge did not assure Alberts of his right to a unanimous verdict. Because the claims of ineffectiveness of counsel are intertwined with many of the same claims in the companion case, we address, in the companion case's opinion, all claims of ineffectiveness of counsel—in each, holding that ineffectiveness of counsel has not been shown.

Alberts had twenty-three grandchildren and step-grandchildren, including K.R. and D.G.[2] The family enjoyed large gatherings in Alberts' back yard, happily playing on the swing set or relaxing in the hot tub, until outcries of sexual assault created a deep rift between family members.

*The Hot-Tub Incident*. Thirteen-year-old K.R. testified about an incident that occurred at such a family gathering when they were swimming and sitting around in the hot tub. At one point, "everybody got out . . . to get something sweet" inside the house, except Alberts and K.R. K.R. told the jury Alberts "pulled me to him," "pulled down his bottoms and my bottoms," and "touched his penis to my vagina." The incident lasted "[a]bout half a second, then everybody started coming back

---

[2]In one consolidated trial, the State tried Alberts for aggravated assault of K.R. and indecency with D.G. See our opinion in cause number 06-09-00059-CR for disposition of Alberts' points of error involving D.G.

out." Alberts pushed her away, pulled up his pants, and put his finger to his lips, indicating for K.R. to be quiet.

*The Attic Incident.* On another occasion, K.R. and D.G. were clearing Alberts' garage by storing boxes in the attic. When D.G. went into the house to get a drink, K.R. testified Alberts "grabbed me and put me on his leg." "He pulled me down onto his lap and unzipped his zipper-thing . . . [and] pulled my hands around to his penis." Forensic interviewer Rebecca Peavy testified that K.R.'s outcry included statements that, at that time, Alberts rubbed his private part on K.R.'s private part—identified on a drawing as her vagina. When Alberts heard D.G. climb up the stairs to the attic, he "zipped up," and K.R. backed away from him.

*The Couch Incident.* Yet another time, K.R. woke up from a winter nap to find Alberts sitting on the couch next to her. She got underneath the blanket Alberts was holding. He wrapped his arms around her waist, pulled down her pajamas with his feet, and kicked off his basketball shorts, all while under the blanket. K.R. testified Alberts touched his penis to her "butt." Peavy testified that K.R.'s outcry included a statement that, at that time, Alberts touched his private part to K.R.'s "behind or butt." The event ended when Alberts' wife walked into the room.

*(1)*     *Under Count I, the Evidence Was Legally Insufficient for the Jury to Find that Alberts Committed Aggravated Sexual Assault Against K.R., as Alleged*

A person commits aggravated sexual assault if he or she intentionally or knowingly causes the anus of a child to contact his or her sexual organ and the victim is younger than fourteen years of age. TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(iv), (2)(B) (Vernon Supp. 2009). Count I of the

4

State's indictment alleged Alberts "cause[d] the anus of [K.R.], a child younger than 14 years of age who was not the spouse of said defendant to contact the sexual organ of the defendant." Alberts contends the evidence was insufficient to sustain a conviction on Count I of aggravated assault against K.R., because it did not demonstrate Alberts touched K.R.'s anus.[3] We agree.

"'Anus,' as used in Section 21.01, is intended in the strict anatomical sense—the posterior opening of the alimentary canal—thus excluding the buttocks." *Pryor v. State*, 719 S.W.2d 628, 630 (Tex. App.—Dallas 1986, pet. ref'd) (citing *Wright v. State*, 693 S.W.2d 734, 735 (Tex. App.—Dallas 1985, pet. ref'd)); *see* TEX. PENAL CODE ANN. § 21.01 (Vernon Supp. 2009) (practice commentary). Therefore, the proof required in this case was that Alberts touched his penis to K.R.'s anus, not the surrounding area or buttocks in general. *See Pryor*, 719 S.W.2d at 630; *see also Saldana v. State*, 287 S.W.3d 43, 60–61 (Tex. App.—Corpus Christi 2008, pet. ref'd) (but concluding evidence was sufficient).[4]

---

[3]Emphasizing the difference between the terms "anus" and "buttocks," the trial court's charge instructed the jury to find Alberts guilty of aggravated sexual assault if they found he caused "the anus of K.R." to contact Alberts' sexual organ beyond a reasonable doubt, and instructed them to find Alberts guilty of indecency with a child if they found Alberts caused his sexual organ to "touch the buttocks" of K.R.

[4]In rebuttal, the State points us to the easily distinguishable case of *Mallet v. State*, 9 S.W.3d 856 (Tex. App.—Fort Worth 2000, no pet.). The court in *Mallet* found the evidence to be sufficient because the victim testified that the defendant "stuck his penis in [her butt]" and that his penis "went inside [her] butt." *Id.* at 864. The victim also clarified the "butt" was "where you go to the bathroom," that defendant "did this for five to ten minutes and that she cried and told him to stop because it hurt." *Id.* Medical records also indicated the doctor clarified with the victim that "the anus stung a little afterwards." *Id.*

The requirement of legal sufficiency confirms that a fact question was raised by the evidence. *Clewis v. State*, 922 S.W.2d 126, 132–33 (Tex. Crim. App. 1996). If the evidence in this case was insufficient to raise an issue of Alberts' guilt, there was no issue for the jury's resolution. *Id.* When conducting a legal sufficiency analysis, we review all of the evidence in the light most favorable to the verdict and determine whether any rational jury could find the essential elements of aggravated sexual assault and indecency with a child as charged by the indictment beyond a reasonable doubt. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007); *Lacour v. State*, 8 S.W.3d 670, 671 (Tex. Crim. App. 2000) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Clewis*, 922 S.W.2d at 132–33; *Saxton v. State*, 804 S.W.2d 910, 914 (Tex. Crim. App. 1991).

Our analysis of whether the evidence is sufficient is measured against the elements of the offense with the same kind of analysis as that applied in the test for a hypothetically-correct jury charge for the case.[5] *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997); *see also Grotti v. State*, 273 S.W.3d 273, 280 (Tex. Crim. App. 2008). The hypothetically-correct jury charge "sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Malik*, 953 S.W.2d at 240.

K.R. stated that, on one occasion, Alberts "touched his penis to [her] butt" while on the couch. When asked, "Did he attempt to do anything with his penis," she replied, "No, just touched

---

[5]*Malik* controls "even in the absence of alleged jury charge error." *Gollihar v. State*, 46 S.W.3d 243, 255 (Tex. Crim. App. 2001).

6

it there." Peavy recalled K.R.'s outcry and testified to the same effect. Based on this evidence, we conclude a rational jury could not find beyond a reasonable doubt that Alberts' penis contacted K.R.'s anus, as alleged in the indictment. *See Sessums v. State*, 129 S.W.3d 242, 246 (Tex. App.—Texarkana 2004, pet. ref'd). We sustain Alberts' legal sufficiency point of error as to Count I's charge of aggravated sexual assault of K.R.

*(2)      Under Count I, the Evidence Was Legally and Factually Sufficient to Convict Alberts Under the Submitted Lesser-Included Offense Charge of Indecency with K.R. by Contact*

The jury charge in this case included, under Count I, the lesser-included offense of indecency with a child by sexual contact. Therefore, we may reform the judgment of conviction to reflect conviction of a lesser-included offense if we find that the evidence was sufficient to support conviction of the lesser-included offense. *Collier v. State*, 999 S.W.2d 779 (Tex. Crim. App. 1999).

Unlike legal sufficiency review, we examine the evidence in a neutral light when assessing factual sufficiency and determine whether the proof of guilt is obviously so weak as to undermine confidence in the verdict, or, if taken alone, is greatly outweighed by contrary proof so as to be clearly wrong and unjust. *Zuliani v. State*, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003); *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000); *Cain v. State*, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997); *Harris v. State*, 133 S.W.3d 760, 764 (Tex. App.—Texarkana 2004, pet. ref'd). A clearly wrong and unjust verdict is manifestly unjust, shocks the conscience or clearly demonstrates bias. *Santellan v. State*, 939 S.W.2d 155,164–65 (Tex. Crim. App. 1997). Because factual

7

sufficiency is an issue of fact, we are not free to reweigh the evidence and set aside the verdict merely because we feel a different result is more reasonable. *Clewis*, 922 S.W.2d at 135.

With respect to Count I, the State was required to prove that (1) Alberts; (2) touched any part of K.R.'s privates or made her touch his privates; (3) with intent to arouse or gratify his sexual desires; and (4) that K.R. was younger than seventeen and was not married to Alberts. TEX. PENAL CODE ANN. § 21.11 (Vernon Supp. 2009). The specific intent to arouse or gratify the sexual desire element can be inferred from the defendant's conduct, his remarks, and all surrounding circumstances. *See McKenzie v. State*, 617 S.W.2d 211, 216 (Tex. Crim. App. 1981); *Couchman v. State*, 3 S.W.3d 155, 163 (Tex. App.—Fort Worth 1999, pet. ref'd).

K.R., who was younger than seventeen, identified Alberts, stated she was not married to him, and told the jury he touched her "butt" with his penis. *See* TEX. PENAL CODE ANN. § 21.11. Peavy's testimony was consistent with K.R.'s testimony on this point. Based on this evidence, a rational jury could find beyond a reasonable doubt that Alberts engaged in sexual contact with K.R., by touching his penis to her buttocks, with intent to arouse.[6] Also, we cannot conclude that a finding of indecency with K.R. would be obviously weak or greatly outweighed by contrary proof so as to be clearly wrong and unjust.

---

[6]The jury could infer, from Alberts' conduct and the surrounding circumstances, that he had a specific intent to arouse or gratify his sexual desire. *See McKenzie*, 617 S.W.2d at 216; *Couchman*, 3 S.W.3d at 163.

Accordingly, the trial court's judgment as to Count I in K.R.'s case is modified to reflect conviction under Section 21.11 of the Texas Penal Code for indecency with a child by contact. As modified, Alberts' conviction is affirmed, the punishment is reversed, and the case is remanded to the trial court for a determination of the punishment for that lesser-included offense under Count I.

(3)     *Under Count II, the Jury Charge Did Not Assure Alberts of His Right to a Unanimous Verdict*

Count II alleged Alberts "intentionally or knowingly cause[d] the defendant's sexual organ to contact the female sexual organ of [K.R.]."

"The general rule is that where one act . . . is alleged in the indictment and more than one act . . . is shown by the evidence in a sexual assault trial, the State must elect the act upon which it would rely for conviction." *O'Neal v. State*, 746 S.W.2d 769, 771 (Tex. Crim. App. 1988). K.R. testified to three separate instances of alleged assault or indecency. Alberts complains that the State failed to elect which of the three separate incidents on which it was relying for conviction. He admits that he failed to request that the State make an election. *Id.* at n.3. Alberts is correct that failure to request an election does not vitiate his constitutional right to a unanimous jury verdict. *Demps v. State*, 278 S.W.3d 62, 67 (Tex. App.—Amarillo 2009, pet. ref'd).

Alberts cites *Ngo v. State*, 175 S.W.3d 738 (Tex. Crim. App. 2005). In that case, appellant was charged with credit card abuse under an indictment containing three paragraphs and alleging three separate criminal acts—stealing a credit card, receiving a stolen credit card, and fraudulently presenting a credit card. *Id.* at 741. The three application paragraphs in the charge "permitted the

9

jury to convict appellant if some of the jurors found that he stole the credit card, others believed he received a stolen credit card, and still others thought that he fraudulently presented it."[7] *Id.* In *Demps*, also cited by Alberts, the indictment charged appellant with "intentionally and knowingly engaging in sexual contact with a child in Lubbock County on September 16, 2005," but evidence was presented that the victim was also sexually assaulted "*in a like manner* at various times and locations in Lubbock in the weeks prior to September 16." 278 S.W.3d at 68 (emphasis added). In both cases, error was found because, in each case, the evidence before the jury allowed the possible problem of lack of unanimity.

---

[7]Specifically, the charge read:

> Now, if you find from the evidence beyond a reasonable doubt that [appellant] on or about the 13th day of December, 2002, did then and there unlawfully, intentionally or knowingly steal a credit card owned by the cardholder, Hong Truong, with intent to deprive the cardholder of the property and without the effective consent of the cardholder; *or*
>
> If you find from the evidence beyond a reasonable doubt that [appellant] on or about the 13th day of December, 2002, did then and there unlawfully and knowingly receive with intent to use a credit card owned by card holder, Hong Truong, knowing the credit card had been stolen; *or*
>
> If you find from the evidence beyond a reasonable doubt that [appellant] on or about the 13th day of December, 2002, with intent to obtain a benefit fraudulently, did use or present to [H]anh Nguyen a credit card knowing the use was without the effective consent of the cardholder, Hong Truong, namely without consent of any kind, and knowing that the credit card had not been issued to the defendant, then you will find [appellant] guilty as charged in the indictment.

*Ngo*, 175 S.W.3d at 741 n.5 (emphasis added).

In this case, K.R. testified that Alberts "touched his penis to my vagina" in the hot tub, "pulled my hands around to his penis" in the attic, and touched his penis to her "butt" on the couch. Although the incident on the couch occurred in winter, no dates or general time frame described when the other two events occurred. The State's indictment alleged in Count I that Alberts caused his sexual organ to touch K.R.'s anus and in Count II that Alberts caused his sexual organ to touch K.R.'s sexual organ. The incident on the couch could pertain only to Count I of the indictment, as there was no evidence that the "couch incident" involved any touching of K.R.'s vagina. In other words, as to Count I, unlike in *Ngo* or *Demps*, the jury could not find Alberts guilty unless all jury members unanimously believed the particular incident on the couch occurred.

A problem arises, however, relative to Count II: the "hot tub" incident and the "attic" incident both have some evidence pointing to a touching of K.R.'s vagina with Alberts' penis. While K.R. testified only that, in the attic, Alberts "pulled [K.R.'s] hands around to his penis," Peavy testified that K.R. told her Alberts "rubbed his private part on her private part" in the attic. Thus, there was potential, as there was in *Ngo* and *Demps* that some jury members found Alberts guilty under Count II for the "attic" incident, while some found him guilty for the "hot tub" incident. *See Phillips v. State*, 130 S.W.3d 343, 353 (Tex. App.—Houston [1st Dist.] 2004), *aff'd*, 193 S.W.3d at 913 (Tex. Crim. App. 2006).

11

When "taken as a whole, the jury charge contained error since it failed to contain an instruction that the jurors must be unanimous in deciding which one (or more) of the offenses proved at trial were committed" by Alberts. *See Demps*, 278 S.W.3d at 68.

Because Alberts did not object to the jury charge, we may not reverse on this point of error unless the record demonstrates egregious harm to Alberts under the *Almanza* standard. *Ngo*, 175 S.W.3d at 744–45 (citing *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g)); *Mathonican v. State*, 194 S.W.3d 59, 62, 66 (Tex. App.—Texarkana 2006, no pet.). Under *Almanza*, the record must show that Alberts suffered actual, rather than merely theoretical, harm from jury instruction error. *Ngo*, 175 S.W.3d at 750. "Errors that result in egregious harm are those that affect 'the very basis of the case,' 'deprive the defendant of a valuable right,' or 'vitally affect a defensive theory.'" *Id.* In making an egregious harm determination, we evaluate (1) the entire jury charge, (2) the state of the evidence, including the contested issues and weight of probative evidence, (3) the arguments of counsel, and (4) any other relevant information revealed by the record as a whole. *Id.* (citing *Almanza*, 686 S.W.2d at 171); *Ellison v. State*, 86 S.W.3d 226, 228 (Tex. Crim. App. 2002); *Mathonican*, 194 S.W.3d at 66.

In this case, we find that the indictments, state of the evidence and statements of counsel compounded the jury charge error. First, because no specific date or even month of the occurrences in the hot tub and the attic were given in the indictment, the jury could not rule out the State's reliance on either occurrence using timing. The state of the contested evidence revealed that, if the

12

jury believed Peavy's and K.R.'s testimony, clear testimony existed for two specific instances where Alberts caused his sexual organ to contact K.R.'s sexual organ. During opening statements, the State said:

> [K.R.] is going to tell you on three separate occasions, the defendant took her panties off or pulled her panties down and tried to have intercourse with her. One time she was in the attic helping him move boxes. He pulled his pants down. He pulled her pants down. Tried to have intercourse with her . . . . On another occasion, they were in the hot tub of the defendant . . . the two of them stay in it and he tried to have sex with her a third time.

Throughout the trial, the State failed to specify on which incident it was relying for conviction, and counsel for both parties generally referred to all incidents of alleged touching during closing argument. The State also said during closing: "[y]ou can see from the pictures that [K.R.] drew, she put a penis and -- she put a vagina and a penis together . . . . Paragraph 5 is Count 2, the defendant's sexual organ contacted the female sexual organ of [K.R.], which I just showed you." Peavy's testimony did not specify whether the drawing was made during [K.R.'s] discussion of the touching that occurred in the attic or in the hot tub. The State also argued, "[Y]ou don't think -- she would make up a story that he sexually abused her and he's actually penetrated her multiple times?"

Given the "emphasis [o]n the State's presentation of the case, the risk of a non-unanimous verdict was substantial." *See Stuhler v. State*, 218 S.W.3d 706, 718–19 (Tex. Crim. App. 2007) (jury charge failed to require unanimous "verdict whether the appellant caused serious mental deficiency, impairment, or injury"; egregious harm found where "[a]lthough the evidence was sufficient to establish serious mental injury, by far the greater bulk of the State's evidence . . . was devoted to

13

trying to establish serious bodily injury"). There was no written or oral instruction informing the jury that it was required to unanimously determine either that the attic incident or the hot tub incident occurred. The potential for lack of unanimity was heightened by the repeated references in the record to multiple penile-vaginal contacts. As was the deciding factor in *Ngo*, we "cannot determine that the jury was, in fact, unanimous in finding appellant guilty of one specific . . . offense," based on the entire record. 175 S.W.3d at 752. Thus, we find that the charge error, which allowed a nonunanimous verdict, egregiously harmed Alberts' "right to a fair and impartial trial."[8] *Id.*; *Stuhler*, 218 S.W.3d at 719–20. We sustain Alberts' point of error, reverse the trial court's judgment on Count II involving K.R., and remand to the trial court for a new trial.

Due to our disposition of this case, we need not discuss the remaining points of error, with the exception of ineffective assistance of counsel. In our opinion of the companion case, cause number 06-09-00059-CR involving Alberts' convictions of indecency with D.G., we analyze

_____

[8]*See Ngo*, 175 S.W.3d at 751, n.51 (citing *Horton v. United States*, 541 A.2d 604, 610–11 (D.C. Ct. App. 1988) (defendant's right to unanimous jury verdict violated when different factual scenarios could have supported jury verdict on assault conviction and appellate court could not "infer from the verdicts themselves that all the jurors were in agreement as to appellant's specific criminal acts"); *Hawaii v. Mahoe*, 972 P.2d 287, 294 (Haw. 1998) (right to unanimous jury verdict violated when defendant made two distinct entries into residence, prosecution did not elect which entry on which to rely for conviction, and jury not given specific instruction of requirement of unanimity for underlying criminal act); *Illinois v. Scott*, 612 N.E.2d 7, 9, (Ill. Ct. App. 1993) (right to unanimous verdict violated when defendant charged with three counts of delivery of a controlled substance and verdict form included only one count of delivery, allowing jurors to find guilt without agreeing on which count he was guilty)).

Alberts' complaints and determine counsel was not ineffective. That analysis is equally applicable here.

Since we conclude the evidence was insufficient for the jury to find Alberts committed aggravated sexual assault as alleged under count I of cause number 21447, but find the evidence was sufficient to convict him under the submitted lesser-included offense charge, we modify the trial court's judgment under Count I to reflect conviction for indecency with a child by contact. As modified, Alberts' conviction under Count I is affirmed, the punishment is reversed, and the case is remanded to the trial court for a determination of the punishment for that offense. Also, because the jury charge egregiously harmed Alberts in his right to a unanimous verdict under Count II of the indictment involving K.R., we reverse Alberts' conviction under Count II and remand that portion of the case to the trial court for a new trial under Count II.


Josh R. Morriss, III
Chief Justice


Date Submitted:     November 6, 2009
Date Decided:       December 11, 2009

Do Not Publish

15