749 So.2d 1284 (2000)
Humberto HERNANDEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D98-2373.
District Court of Appeal of Florida, Third District.
February 23, 2000.
Milton Hirsch, Miami, for appellant.
Katherine Fernandez Rundle, State Attorney, and Angelica D. Zayas, Assistant State Attorney, for appellee.
Before SCHWARTZ, C.J., and COPE and LEVY, JJ.
PER CURIAM.
Humberto Hernandez ("defendant") appeals his conviction as an "Accessory After the Fact" on the ground that the trial court refused his request for a special jury instruction. We affirm.
On August 5, 1998, the State charged the defendant by Information with a variety of crimes in connection with the defendant's 1997 electoral campaign for City Commissioner of the City of Miami. In one of the Counts of the Information the defendant was charged as an "Accessory After the Fact" to voter fraud wherein the State charged the defendant with unlawfully assisting either one or all of three persons. Specifically, Count III of the Information charged:
And the aforesaid Assistant State Attorney, under oath, further information makes that ... [the defendant], ... beginning on or about DECEMBER 9, 1997 and continuing through MAY 28, 1998, in the County and State aforesaid, not standing in the relation of husband or wife, parent or grandparent, child or grandchild, brother or sister, by consanguinity or affinity to EVELYN HERBELLO and/or RODOLFO HERBELLO and/or JOSE JOAQUIN DEGOTI, SR., did unlawfully and feloniously maintain, assist, or give other aid to said EVELYN HERBELLO and/or RODOLFO *1285 HERBELLO and/or JOSE JOAQUIN DEGOTI, SR., as offender, principal, or accessory before the fact by providing said EVELYN HERBELLO with false rent receipts and/or false written statements to support a false claim of residency by said EVELYN HERBELLO and/or said RODOLFO HERBELLO and/or JOSE JOAQUIN DEGOTI, SR., in the City of Miami, knowing that said EVELYN HERBELLO and/or said RODOLFO HERBELLO and/or JOSE JOAQUIN DEGOTI, SR., had committed a felony, to wit: false swearing, in violation of s. 104.011, Fla. Stat. and/or voter fraud, in violation of s. 104.041, Fla. Stat., or been accessory thereto before the fact, with intent that said EVELYN HERBELLO and/or said RODOLFO HERBELLO and/or JOSE JOAQUIN DEGOTI, SR., shall avoid or escape detection, arrest, trial or punishment, in violation of s. 777.03, Fla. Stat., contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State of Florida.
(emphasis added).
There is nothing in the record before us to indicate that the defendant objected to or challenged the format of Count III of the Information, as it was written, either at the arraignment or at any time thereafter. Instead, at the conclusion of the trial the defendant chose to ask the trial court to instruct the jury that, in order to find the defendant guilty as an "Accessory After the Fact", the jury must unanimously agree upon which of the three persons the defendant unlawfully aided. The trial court correctly denied the defendant's request for the special jury instruction. By not moving to dismiss Count III of the Information based on its format and, thereafter, requesting the special jury instruction referred to above, the defendant was, in effect, attempting "to have his cake and eat it too". In other words, the defendant was more than happy to go to trial in connection with an Information that charged him with one Count of being an "Accessory After the Fact", but yet the defendant wanted the judge to instruct the jury that, in order to obtain a conviction, the State would have to proceed as though the defendant had been charged with three separate Counts of being an "Accessory After the Fact". The jury convicted the defendant of being an "Accessory After the Fact" by a general verdict. The defendant received a one-year sentence. On appeal, the defendant now claims that the trial court's refusal to give the special requested jury instruction denied the defendant his right to a unanimous jury verdict. For the following reasons, we disagree with the defendant and affirm the defendant's conviction.
Florida Rule of Criminal Procedure 3.190 delineates the requirements for challenging the form or substance of an Information. In relevant part, the Rule states:
(b) Motion to Dismiss; Grounds. All defenses available to a defendant by plea, other than not guilty, shall be made only by motion to dismiss the indictment or information, whether the same shall relate to matters of form, substance, former acquittal, former jeopardy, or any other defenses.
(c) Time for Moving to Dismiss. Unless the court grants further time, the defendant shall move to dismiss the indictment or information either before or upon arraignment. The court in its discretion may permit the defendant to plead and thereafter file a motion to dismiss at a time to be set by the court. Except for objections based on fundamental grounds, every ground for a motion to dismiss that is not presented by a motion to dismiss within the time herein above provided for shall be taken to have been waived....
Fla. R.Crim. P. 3.190 (emphasis added). In the instant case, the defendant neither moved to dismiss the Information, based on its format, in the time provided by Rule 3.190, nor otherwise objected to the form of Count III as it was written. Furthermore, *1286 the defendant's request for a special jury instruction did not act as an objection to the form of the Information which would preserve this issue for review on appeal. Thus, we find that the defendant waived any objection to the format of Count III of the Information.
We also find no fundamental error which would warrant review of this issue on appeal. As written, Count III of the Information charged the defendant with unlawfully assisting either one or all of three persons. Consequently, the defendant could only be convicted of one crime for which the defendant could only receive one sentence of a maximum of one year. The defendant undoubtedly recognized that, had the defendant successfully moved to dismiss Count III, the trial court would surely have granted the State leave to amend the Information to charge the defendant with three separate counts of "Accessory After the Fact". Consequently, the defendant could then be convicted of three separate crimes for which the defendant could receive up to three one year sentences. Therefore, having recognized the benefits of Count III as it was written, the defendant made a tactical decision not to object to or challenge the format of the Information. Having reaped these benefits, we find that the defendant has "hoisted himself on his own petard" and cannot now be heard to complain that the court failed to give his requested special jury instruction which would have, in effect, put the State in the position of having to prove three separate instances of the defendant being an "Accessory After the Fact" when, as discussed above, the defendant could only be punished for one instance of being an "Accessory After the Fact".
Affirmed.
SCHWARTZ, C.J., and LEVY, J., concur.
COPE, J. (dissenting).
An accessory after the fact is one "who knows that a crime has been committed and who helps the offender try to escape arrest or punishment." Black's Law Dictionary 14 (7th ed.1999)[1]; see § 777.03, Fla. Stat. (1997).
Under Florida law, the State must prove that a specific person committed a felony; that the defendant knew that the offender had committed the felony; and that the defendant assisted the offender with intent that the offender escape punishment. See § 777.03, Fla. Stat. (1997). These requirements are spelled out in the Standard Jury Instruction, which reads as follows:
ACCESSORY AFTER THE FACT
F.S. 777.03
Before you can find the defendant guilty of being an accessory after the fact, the State must prove the following five elements beyond a reasonable doubt:
1. A (felony alleged) was committed by (name of person committing felony).
2. After the (felony alleged) was committed (defendant) maintained, assisted or gave any other aid to (name of person committing felony).
3. At that time (defendant) knew that (name of person committing felony) had committed the (felony alleged).
4. (Defendant) did so with the intent that (name of person committing felony) avoid or escape detection, arrest, trial or punishment.
5. (Defendant) was not related to (name of person committing felony) *1287 by blood or marriage as husband, wife, parent, grandparent, child, grandchild, brother or sister.
Fla. Std. Jury Instr. Crim. 73 (1998). Thus, under Florida law, the State must prove, as an essential element, the identity of the person who was assisted by the accessory after the fact.
Because the identity of the offender is an essential element of the charged crime, it follows that the jury must be unanimous on that issue. The United States Supreme Court has said:
Finally, this Court has indicated that the Constitution itself limits a State's power to define crimes in ways that would permit juries to convict while disagreeing about means, at least where that definition risks serious unfairness and lacks support in history or tradition. Schad v. Arizona, 501 U.S., at 632-633, 111 S.Ct. 2491[, 115 L.Ed.2d 555 (D.Ariz. 1991)] (SCALIA, J., concurring) ("We would not permit ... an indictment charging that the defendant assaulted either X on Tuesday or Y on Wednesday...").
Richardson v. United States, 526 U.S. 813, 820, 119 S.Ct. 1707, 1711, 143 L.Ed.2d 985 (1999); see Hoover v. Johnson, 193 F.3d 366, 369 (5th Cir.1999).
It was the State's decision to charge in a single count that defendant-appellant Humberto Hernandez assisted "Evelyn Herbello and/or Rodolfo Herbello and/or Jose Joaquin DeGoti, Sr.," and I cannot agree that the defendant was under any duty to challenge count III of the information as impermissibly joining three crimes in one count. The defendant could challenge it, or not challenge it, as he chose. But the jury had to be unanimous on which of these three individuals the defendant assisted after the fact, and the defendant was entitled to have the jury so instructed.
The judgment should be reversed and the cause remanded for a new trial.
NOTES
[1] The Black's definition goes on to state:

The liability of such an accessory is still treated separately under most penal statutes. There are four requirements: (1) someone else must have committed a felony, and it must have been completed before the accessory's act; (2) the accessory must not be guilty as a principal; (3) the accessory must personally help the principal try to avoid the consequences of the felony; and (4) the accessory's assistance must be rendered with guilty knowledge.