STATE of Minnesota, Respondent,

v.

Jack Leroy STEMPF, Appellant.

No. C4–00–1544.

Court of Appeals of Minnesota.

May 29, 2001.

Mike Hatch, Attorney General, St. Paul; and Janelle P. Kendall, Mille Lacs County Attorney, Matthew M. Quinn, Assistant County Attorney, Milaca, for respondent.

Mark D. Kelly, St. Paul, for appellant.

Considered and decided by HANSON, Presiding Judge, CRIPPEN, and HARTEN, Judges.

## OPINION

CRIPPEN, Judge

A jury found appellant Jack Stempf guilty of one count of controlled-substance crime in the fifth degree for possession of a substance containing methamphetamine. The state charged him with only one count of possession but introduced evidence of two acts to support the conviction. Appellant contends that the trial court's refusal to give a specific unanimity instruction, requiring the jurors to agree that the same underlying criminal act had been proven beyond a reasonable doubt, violated his right to a unanimous verdict. Because it

is possible that the jury's verdict of guilty was not unanimous, we reverse.

## FACTS

Police executed a search warrant at appellant's place of employment, Stempf's Auto Salvage, in February 1999. During the search, police seized 0.1 grams of a substance containing methamphetamine. When appellant arrived at work that same morning as the passenger in a pickup truck, the police searched the truck and seized .03 grams of a substance containing methamphetamine from a burnt piece of aluminum foil found inside an empty pack of Marlboro cigarettes.

The state charged appellant with one count of controlled-substance crime in the fifth degree in violation of Minn.Stat. § 152.025, subds. 2(1), 3(a) (1998) for possession of a substance containing methamphetamine. Even though the state charged him with only one count, it introduced evidence that (1) appellant possessed methamphetamine found at the premises of his workplace; and (2) he possessed methamphetamine found in the truck.

Appellant testified at trial and denied ownership of the methamphetamine found on the premises. In addition, he presented evidence that he was not the owner or lessee of the premises: appellant worked part time at Stempf's Auto Salvage, which was owned by his father, and two other people worked there and had access to the building where the police seized the evidence. He also denied ownership of the cigarette package found in the truck, and it is undisputed that he was not the owner or lessee of the truck. Appellant admitted that he smokes Marlboro cigarettes, but Ty Cramer, who owned the truck and was driving it when police asked permission to search it, testified that he also smoked Marlboro cigarettes.

At the close of trial, appellant requested an instruction requiring the jurors to evaluate the two acts separately and unanimously agree that the state had proven the same underlying criminal act beyond a reasonable doubt. The trial court refused to give the instruction. The state told the jury in closing argument that it could convict if some jurors found appellant possessed the methamphetamine found in the truck while others found he possessed the methamphetamine found on the premises. The jury returned a guilty verdict. The court sentenced appellant to one year and one day in prison, stayed execution, and imposed a probationary jail term of 180 days.

## ISSUE

Did the trial court's refusal to give a specific unanimity instruction violate appellant's right to a unanimous verdict?

## ANALYSIS

■■ The refusal to give a requested jury instruction lies within the discretion of the trial court and will not be reversed absent an abuse of discretion. *State v. Cole*, 542 N.W.2d 43, 50 (Minn.1996). Where jury instructions allow for possible significant disagreement among jurors as to what acts the defendant committed, the instructions violate the defendant's right to a unanimous verdict. *State v. Begbie*, 415 N.W.2d 103, 105 (Minn.App.1987), *review denied* (Minn. Jan. 20, 1988).

■■ "A unanimous verdict shall be required in all cases." Minn. R.Crim. P. 26.01, subd. 1(5); *see also State v. Hart*, 477 N.W.2d 732, 739 (Minn.App.1991) (stating the right to a unanimous jury verdict), *review denied* (Minn. Jan. 16, 1992). But "unanimity is not required with respect to the alternative means or ways in which the crime can be commit-

ted." *Begbie*, 415 N.W.2d at 106 (quotation omitted). This occurs when a state court determines that "certain statutory alternatives are mere means of committing a single offense, rather than independent elements of the crime." *Schad v. Arizona*, 501 U.S. 624, 636, 111 S.Ct. 2491, 2499, 115 L.Ed.2d 555 (1991). Under these circumstances, this court has cautioned against using "either/or" jury instructions because they are unclear and potentially raise doubt about the unanimity of the jury verdict. *Hart*, 477 N.W.2d at 739.

■ On the other hand, the jury must unanimously agree on which acts the defendant committed if each act itself constitutes an element of the crime. *Richardson v. United States*, 526 U.S. 813, 824, 119 S.Ct. 1707, 1713, 143 L.Ed.2d 985 (1999). *Richardson* addressed whether the phrase "series of violations" in the criminal-enterprise statute referred to one element or whether each violation was an element. *Id.* at 817, 119 S.Ct. at 1710. The United States Supreme Court noted that "[c]alling a particular kind of fact an 'element' carries certain legal consequences"; the jury "cannot convict unless it unanimously finds that the Government has proved each element." *Id.* (citations omitted). The Court found that each violation in the series constituted an element. *Id.* at 818–19, 119 S.Ct. at 1710–11. The legal effect of that determination meant that the jury had to unanimously agree not only that the defendant committed some "continuing series of violations" but also had to unanimously agree on which three acts constituted the violations. *Id.* at 820–21, 824, 119 S.Ct. at 1711, 1713. The Court found that to hold otherwise would impose punishment on a defendant "without any factfinder having found that the defendant committed those crimes." *Id.* at 822, 119 S.Ct. at 1712.

Because the government introduced evidence that the defendant committed more underlying drug crimes than legally necessary to make up a series, the Court found that the trial court erroneously instructed the jury that they did not have to agree on which particular offenses the defendant committed. *Id.* at 815–24, 119 S.Ct. at 1709–13.

The New Hampshire Supreme Court explained the distinction between elements and means in the context of a crime of simple assault, where the elements are (1) mental state of knowingly acting and (2) proscribed conduct of unprivileged physical contact, and the prosecution presents evidence of different means used to show that an unprivileged physical contact occurred:

> A conviction would have been proper if the jury had all agreed, for instance, that the defendant struck the officer in the face, but disagreed as to whether the blow occurred from a fist or knee. Also unassailable would have been a verdict of guilty based on agreement that a blow was struck to the officer's torso, despite disagreement as to the body part of the defendant that caused the blow. In these examples, the element of *contact* would have been established through unanimous agreement, while the means—a punch or kick—need not have been agreed upon.

*New Hampshire v. Greene*, 137 N.H. 126, 623 A.2d 1342, 1345 (1993).

It is evidently a matter of first impression in Minnesota to determine the effect of one-count pleading on the right to a unanimous verdict, where the state presents two different factual scenarios as alternatives for proving a single element of a crime.[1] Our cases have dealt with the

---

1. Because this method of charging has existed for some time, the court has addressed the

point at which the prosecution must select the factual scenario on which it is relying for

alternate-means analysis found in *Schad.* For example, this court found that the jury did not have to decide unanimously who the defendant intended to threaten—evidence showed that either husband or wife or both would have been threatened by the defendant's call—because the terroristic-threats statute does not make the identity of the person who is threatened an element of the crime. *Begbie,* 415 N.W.2d at 106; *see also* Minn.Stat. § 609.713, subd. 1 (2000) (stating generally "with purpose to terrorize another"). Similarly, the right to a unanimous verdict was not violated in a criminal-sexual-conduct case when the facts were relatively undisputed and the statute provided alternate means for proving the crime—the statute allowed the jury to find the defendant guilty if he caused the complainant to have reasonable fear of imminent bodily harm, or if he caused personal injury and used force or coercion. *Hart,* 477 N.W.2d at 738–39; *see also State v. Day,* 501 N.W.2d 649, 651–52 (Minn. App.1993) (same). But nothing in Minnesota law permits trial on one count of criminal conduct that alleges different acts without requiring the prosecution to elect the act upon which it will rely for conviction or instructing the jury that it must agree on which act the defendant committed.

■ Near unanimous authority supports the conclusion that the Richardson analysis would apply to the circumstances of appellant's case, and that appellant's right to a unanimous verdict was violated.[2] *See*

*Colorado v. Estorga,* 200 Colo. 78, 612 P.2d 520, 523 (1980) (en banc) (finding defendant's right to unanimous verdict violated where state offered evidence of more than one alleged sexual assault on different occasions and trial court instructed the jury it could find defendant guilty if "the evidence showed that the crime had occurred at any time within three years prior to the filing of the information"); *Horton v. United States,* 541 A.2d 604, 610–11 (D.C.Ct. App.1988) (finding defendant's right to unanimous jury verdict violated when different factual scenarios could have supported jury verdict on assault conviction and appellate court could not "infer from the verdicts themselves that all the jurors were in agreement as to appellant's specific criminal acts"); *Hawaii v. Mahoe,* 89 Hawai'i 284, 972 P.2d 287, 294 (1998) (finding right to unanimous jury verdict violated when defendant made two distinct entries into residence, prosecution did not elect which entry to rely on for conviction, and jury not given specific instruction on requirement of unanimity for underlying criminal act); *Illinois v. Scott,* 243 Ill. App.3d 167, 183 Ill.Dec. 750, 612 N.E.2d 7, 9 (1993) (finding right to unanimous verdict violated when defendant charged with three counts of delivery of a controlled substance and verdict form included only one count of delivery, allowing jurors to find guilt without agreeing upon which count he was guilty); *Greene,* 623 A.2d at 1344–45 (finding right to unanimous jury verdict violated when complaint alleged three separate blows as evidence proving

conviction. *See, e.g., State v. Wassing,* 141 Minn. 106, 110–11, 169 N.W. 485, 486–87 (1918) (stating court has discretion to decide when the prosecution must elect the act on which it will rely for conviction and affirming timing of election at close of prosecution's case).

**2.** Florida seems to have found that a defendant forfeits his or her right to a unanimous

verdict under these circumstances because the defendant has "reaped [the] benefits" from having only one crime charged. *See Hernandez v. Florida,* 749 So.2d 1284, 1285–86 (Fla.Ct.App.2000) (finding defendant was "attempting 'to have his cake and eat it too' " by not challenging the format of the complaint and later requesting a specific unanimity instruction). We reject this analysis.

assault but jury was instructed that they did not have to agree on which of the alleged three blows occurred); *Vermont v. Corliss*, 149 Vt. 100, 539 A.2d 557, 558–59 (1987) (finding right to unanimous verdict violated when state charged defendant with single burglary of residence on a specific date but introduced evidence that the defendant entered the house two separate times that evening and conduct did not constitute one felonious act); *Washington v. Petrich*, 101 Wash.2d 566, 683 P.2d 173, 178 (1984) (finding right to unanimous verdict violated when state charged defendant with one count of indecent liberties and one count of second-degree statutory rape but introduced evidence of numerous incidents of sexual contact that did not constitute a continuing course of conduct).

The Hawaii Supreme Court and Washington Supreme Court have formulated appropriate safeguards to protect the defendant's right to a unanimous verdict where evidence indicates that several distinct criminal acts have been committed, but the state charges only one count of criminal conduct: (1) the prosecution must elect the specific act on which it is relying for conviction; or (2) the trial court must give the jury a specific unanimity instruction stating that the jury must unanimously agree that the same underlying criminal act has been proven beyond a reasonable doubt. *Hawaii v. Arceo*, 84 Hawai'i 1, 928 P.2d

843, 874–75 (1996); *Petrich*, 683 P.2d at 178.

■ The provision of the controlled-substance-crime statute under which appellant was charged and convicted contains two elements: (1) unlawful possession; and (2) one or more mixtures containing methamphetamine. Minn.Stat. § 152.025, subd. 2(1) (2000).[3] An alternate means of unlawful possession involves using fraud or deceit to obtain possession. *Id.*, subd. 2(2). Underlying facts about which the jury would not necessarily have to agree would be whether the defendant had actual or constructive possession. *See State v. Denison*, 607 N.W.2d 796, 799–800 (Minn. App.2000) (explaining the constructive-possession doctrine), *review denied* (Minn. June 13, 2000). But the statute makes the act of possession an element of the crime. Therefore, the jury must agree unanimously on one act of possession that has been proven beyond a reasonable doubt.

In this case, the state charged appellant with only one count of possession but alleged two distinct acts to support a conviction: (1) that he possessed methamphetamine found at the premises of his workplace; and (2) that he possessed methamphetamine found in the truck in which he was riding when he arrived at work. At trial, appellant requested an instruction requiring the jurors to evaluate the two acts separately and reach a unanimous verdict about which act he

---

**3.** The statute provides:

A person is guilty of controlled substance crime in the fifth degree if:

(1) the person unlawfully possesses one or more mixtures containing a controlled substance classified in schedule I, II, III, or IV, except a small amount of marijuana; or

(2) the person procures, attempts to procure, possesses, or has control over a controlled substance by any of the following means:

(i) fraud, deceit, misrepresentation, or subterfuge;

(ii) using a false name or giving false credit; or

(iii) falsely assuming the title of, or falsely representing any person to be, a manufacturer, wholesaler, pharmacist, physician, doctor of osteopathy licensed to practice medicine, dentist, podiatrist, veterinarian, or other authorized person for the purpose of obtaining a controlled substance.

Minn.Stat. § 152.025, subd. 2 (2000).

committed, but the trial court refused to give the instruction. Also, in closing argument, the state told the jury it could convict if some jurors believed appellant possessed the methamphetamine found on the premises while others believed he possessed the methamphetamine found in the truck.

Because the state did not elect which act of possession it was relying on for conviction, we find the trial court's refusal to give a specific unanimity instruction violated appellant's right to a unanimous verdict. Some jurors could have believed appellant possessed the methamphetamine found on the premises while other jurors could have believed appellant possessed the methamphetamine found in the truck.

The two incidents of possession did not constitute a single act. Both acts were premised upon constructive possession and appellant presented different defenses for each alleged act of possession. *See Scarborough v. United States*, 522 A.2d 869, 873 (D.C.Ct.App.1987) (en banc) (overruling prior case law that did not apply unanimity requirement to legally separable incidents—where the single count referred to "separate allegations and/or to separate defenses"). The acts occurred in different places and at different times. Upholding the conviction under these circumstances would impose punishment without any fact-finder having found that appellant

committed the crime. This violation of appellant's rights requires reversal.

■  The record in this case does not permit a conclusion that violation of appellant's right to a unanimous verdict may have been harmless error. *Compare id.* at 872–75 (finding unanimity requirement violated when evidence showed legally separate incidents of receiving stolen property and complaint charged single count, but holding error harmless beyond a reasonable doubt because jury could not have found appellant guilty on one incident and not guilty on the other), *with Horton*, 541 A.2d at 611 (finding right to unanimous verdict "so clearly prejudiced by the confusion inherent in the separate defenses to the alleged gunshots, unaided by a special unanimity instruction, that plain error occurred" (citations omitted)). Unlike *Scarborough*, the jury could have believed appellant's defense as to one act but not the other.

We need not decide, as respondent suggests, that a different result would be warranted when the separate acts constitute a continuing course of conduct.[4] *See Langdon v. State*, 375 N.W.2d 474, 476–77 (Minn.1985) (finding multiple punishment improper when defendant burglarized several washers and dryers in the same apartment complex with one criminal objective). The two acts alleged in this case lack unity

---

4. The double-jeopardy statute prohibits punishment for more than one offense arising out of the same behavioral incident. Minn.Stat. § 609.035, subd. 1 (2000). The statute does not prohibit charging more than one offense in separate counts. *Id.* ("All the offenses, if prosecuted, shall be included in one prosecution which shall be stated in separate counts."). Moreover, the advisory committee comment explains that several convictions may be obtained but only one sentence imposed:

As drawn, the recommended section will not prohibit a single indictment from charging several offenses arising out of the same conduct and obtaining convictions for any or all of them, but a sentence may be imposed for only one of them which may be for the highest sentence which any one of them carries.

Minn.Stat. Ann. § 609.035 advisory committee's cmt. (West 1987); *accord State v. Carlson*, 291 Minn. 368, 376, 192 N.W.2d 421, 426 (1971). But this statute and the cases construing the statute do not address the implications of charging only one offense on the defendant's right to a unanimous verdict.

of time and place; they are separate and distinct culpable acts, either one of which could support a conviction.

Appellant also argues that the court erred in staying execution of his sentence instead of imposing a stay of imposition or a stay of adjudication. Because we find that the violation of appellant's right to a unanimous verdict entitles him to a new trial, we decline to address this issue.

## DECISION

Respondent did not elect one act on which to rely for a conviction, and the trial court did not instruct jurors that they were required to render a unanimous verdict regarding which possession crime appellant committed. Because some jurors could have believed appellant possessed the methamphetamine found on the premises while other jurors could have believed appellant possessed the methamphetamine found in the truck, it is possible that the jury's verdict of guilty was not unanimous. Appellant's conviction for controlled-substance crime in the fifth degree must be vacated, and we remand to the trial court for further proceedings.

**Reversed and remanded.**