*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1442**

State of Minnesota,
Respondent,

vs.

Octavius Marcus Johnson,
Appellant.

**Filed August 10, 2015
Reversed and remanded
Klaphake, Judge***

Ramsey County District Court
File No. 62-CR-13-1497

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John J. Choi, Ramsey County Attorney, Thomas R. Ragatz, Assistant County Attorney, St. Paul, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Jenna Yauch-Erickson, Assistant Public Defender, St. Paul, Minnesota (for appellant)

        Considered and decided by Bjorkman, Presiding Judge; Stauber, Judge; and

Klaphake, Judge.

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**KLAPHAKE**, Judge

On appeal from his convictions for second-degree assault, terroristic threats, and criminal damage to property, appellant Octavius Marcus Johnson argues that the district court erred by failing to provide the jury with a specific unanimity instruction, allowing the jury to choose between two separate acts to reach a single verdict. We reverse and remand.

## DECISION

Appellant argues that the district court erred in not providing the jury with a specific unanimity instruction. Because appellant did not object to the instruction at trial, we review this issue for plain error. *State v. Hayes*, 831 N.W.2d 546, 555 (Minn. 2013). "Under a plain error analysis, [appellant] must show that (1) there was error; (2) the error was plain; and (3) his substantial rights were affected." *Id.*

### 1. Error

District courts are given "considerable latitude in selecting the language of jury instructions, but instructions may not materially misstate the law." *State v. Baird*, 654 N.W.2d 105, 113 (Minn. 2002). "[W]e review the jury instructions in their entirety to determine whether the instructions fairly and adequately explain the law of the case." *State v. Milton*, 821 N.W.2d 789, 805 (Minn. 2012) (quotation omitted).

At trial, the jury was presented with evidence that appellant engaged in two distinct criminal acts. First, the state presented evidence that appellant struck L.F.'s Buick, which contained several passengers, with a baseball bat. Second, the state

presented evidence that appellant, along with his co-defendant Abraham Houle, intentionally hit that same Buick with Houle's Jeep at least one hour later. Appellant argues that because two separate acts were presented to the jury, the district court erred in not instructing the jury that it needed to unanimously agree on which act satisfied the criminal element of each offense to reach a unanimous verdict on each count.

In all criminal cases, a jury's verdicts must be unanimous. Minn. R. Crim. P. 26.01, subd. 1(5). "[T]he jury need not always decide unanimously which of several possible means the defendant used to commit the offense in order to conclude that an element has been proved beyond a reasonable doubt." *State v. Ihle*, 640 N.W.2d 910, 918 (Minn. 2002); *see also State v. Pendleton*, 725 N.W.2d 717, 731 (Minn. 2007) ("[T]he jury does not have to unanimously agree on the facts underlying an element of a crime in all cases."); *State v. Begbie*, 415 N.W.2d 103, 106 (Minn. App. 1987) ("[U]nanimity is not required with respect to the alternative means or ways in which the crime can be committed." (quotation omitted)), *review denied* (Minn. Jan. 20, 1988). "On the other hand, the jury must unanimously agree on which acts the defendant committed if each act itself constitutes an element of the crime." *State v. Stempf*, 627 N.W.2d 352, 355 (Minn. App. 2001).

In *Stempf*, the state charged the defendant with a single count of possession of methamphetamine "but alleged two distinct acts to support a conviction: (1) that he possessed methamphetamine found at . . . his workplace; and (2) that he possessed methamphetamine found in the truck in which he was riding when he arrived at work." *Id.* at 357. The district court denied the defendant's request for an instruction that

3

required the jurors to unanimously agree on which act was proven. *Id.* at 354. On appeal, we determined that "[w]here jury instructions allow for possible significant disagreement among jurors as to what acts the defendant committed, the instructions violate the defendant's right to a unanimous verdict." *Id.* Specifically, we stated that "the jury must unanimously agree on which acts the defendant committed if each act itself constitutes an element of the crime." *Id.* at 355. We concluded that the district court's "refusal to give a specific unanimity instruction violated [the defendant's] right to a unanimous verdict" because "[s]ome jurors could have believed [the defendant] possessed the methamphetamine found on the premises while other jurors could have believed [the defendant] possessed the methamphetamine found in the truck." *Id.* at 358.

Similar to *Stempf*, the state here charged appellant with only one count of each crime – second-degree assault, terroristic threats, and criminal damage to property[1]. Each charged offense required the jury to find that the appellant engaged in a certain overt act, and the state had the burden of proving that, on the date in question, appellant made such an act in furtherance of each crime. *See* Minn. Stat. § 609.222, subd. 1 (2012) (requiring findings that a defendant "assault[ed] another with a dangerous weapon" for a second-degree-assault conviction); Minn. Stat. § 609.713, subd. 1 (2012) (requiring findings that a defendant "threaten[ed] . . . to commit any crime of violence with purpose to terrorize another" for a terroristic-threats conviction); Minn. Stat. § 609.595, subd. 1(1) (2012) (requiring findings that a defendant "intentionally cause[d] damage to physical property of another without the latter's consent" for a criminal-damage-to-property conviction).

---

[1] A second count of criminal damage to property was dismissed in a directed verdict.

At trial, however, the state presented two distinct criminal acts to support appellant's conviction for each offense: (1) the act of hitting the car with the baseball bat, and (2) the act of hitting the car with the Jeep.

In his closing argument, the prosecutor told the jury that it could find appellant guilty based on either act, specifically stating that both the bat and the Jeep could be considered dangerous weapons and that the use of the bat and the act of hitting the Buick with the Jeep constituted terroristic threats. Further, in instructing the jury, the district court provided the jury with the recommended instructions for each offense and generally cautioned the jury that it should ensure that its verdict be unanimous. But the district court did not explain that the jury needed to agree on which act satisfied the overt-act element of each offense. Like *Stempf*, the failure to give the specific unanimity instruction allowed the jury to find appellant guilty of the charged offenses while disagreeing as to whether the act involved the bat or the Jeep.

We disagree with the state's contention that this case is factually distinct from *Stempf* because it involves "an ongoing, less-than-two-hour incident, and just one defense to all the allegations." Contrary to the state's assertion, the acts were separated in time and place. Appellant allegedly first struck the Buick with a bat at L.F.'s residence. L.F. drove the Buick away and called 911 while appellant pursued the Buick in his vehicle. L.F. then flagged down a police officer to report what had happened. After speaking with police, L.F. drove the Buick to L.B.'s residence, where Houle's Jeep struck the Buick. Appellant was the Jeep's passenger. Appellant then got out of the Jeep and began hitting the Buick with his fists. L.F. was again able to drive away in the Buick and contact

5

police. The bat and Jeep incidents constitute "separate and distinct culpable acts, either one of which could support a conviction" on each offense. *Stempf*, 627 N.W.2d at 359. Accordingly, we conclude that the failure to provide the jury with a specific unanimity instruction violated appellant's right to a unanimous verdict, and that the district court erred. *See id.* at 354 ("Where jury instructions allow for possible significant disagreement among jurors as to what acts the defendant committed, the instructions violate the defendant's right to a unanimous verdict.").

## 2. Plain Error

Because we conclude that the district court erred, we must next consider whether the district court's error was plain. An error is plain if it "contravenes case law, a rule, or a standard of conduct." *State v. Ramey*, 721 N.W.2d 294, 302 (Minn. 2006). As we have stated, the failure to provide the specific unanimity instruction violated the precedential standard established in *Stempf*.[2] Accordingly, the error was plain.

## 3. Substantial Rights

We next determine whether the error affected appellant's substantial rights. "An error affects substantial rights if it is prejudicial and affects the outcome of the case." *State v. Schlienz*, 774 N.W.2d 361, 366 (Minn. 2009) (quotation omitted). "An error in instructing the jury is prejudicial if there is a reasonable likelihood that giving the instruction in question had a significant effect on the jury's verdict." *State v. Watkins*,

---

[2] The state argues that the law in this area is unclear, relying on several unpublished decisions of this court. "Unpublished opinions of the [c]ourt of [a]ppeals are not precedential." Minn. Stat. § 480A.08, subd. 3(c) (2014). Unpublished opinions are of persuasive value "[a]t best," and we are not persuaded by the state's reliance on these opinions. *Dynamic Air, Inc. v. Bloch*, 502 N.W.2d 796, 800 (Minn. App. 1993).

6

840 N.W.2d 21, 28 (Minn. 2013) (quotation omitted). If "we conclude that the erroneous omission of the instruction might have prompted the jury, which is presumed to be reasonable, to reach a harsher verdict than it might have otherwise reached, [the] defendant must be awarded a new trial." *State v. Shoop*, 441 N.W.2d 475, 481 (Minn. 1989).

Here, appellant's co-defendant, Houle, was charged with the same offenses as appellant. Houle, however, was present only during the Jeep incident and was ultimately acquitted of all charges against him. Houle may have been acquitted because the jury did not unanimously agree that the Jeep act satisfied the overt act element of each offense. By not providing the jury with a specific unanimity instruction, there is a "reasonable likelihood" that appellant's convictions were the result of a split jury where some jurors believed the bat act satisfied the overt act element of each offense, while other jurors believed the Jeep act satisfied the overt act element. Consequently, the jury likely reached a harsher verdict than it otherwise would have reached with the proper instruction. We conclude, therefore, that the erroneous omission of the instruction affected appellant's substantial rights.[3]

---

[3] We recognize that the case of *State v. Wenthe*, ___ N.W.2d ___ (Minn. June 24, 2015) was recently decided by the Minnesota Supreme Court. Our case, however, is distinguishable from *Wenthe*. While both cases involve an issue of jury unanimity, the unique facts and evidentiary showing in *Wenthe* are not similar to those presented in the record before us. Here, we cannot say with certainty which act the jury relied upon in finding appellant guilty of each offense.

### 4. *Fairness and integrity of the judicial proceedings*

Because we conclude that the three prongs of the plain-error test are met, "we then decide whether we must address the error to ensure fairness and the integrity of the judicial proceedings." *Milton*, 821 N.W.2d at 805 (quotation omitted). The state argues that appellant "received an extremely vigorous defense, he does not claim there were any trial errors, the jurors' careful evaluation of the evidence is shown by the split verdicts, and ultimately appellant's conspiracy defense was extremely implausible in light of all of the evidence presented by the [s]tate." While the state fails to cite any caselaw to support why we need not address the error, it appears that its argument is most akin to that in *State v. Griller*, 583 N.W.2d 736, 740 (Minn. 1998). In *Griller*, the supreme court considered whether an improper jury instruction regarding an affirmative defense entitled the defendant to a new trial. *Id.* The supreme court considered the fact that the defendant "was afforded a complete adversarial trial that lasted eight days," that the defendant "thoroughly presented his self-defense theory of the case," and that "[t]he jury considered and rejected [the defendant's] far-fetched version of events" in concluding that preservation of the judicial proceedings did not require reversal. *Id.* at 742. The supreme court determined that granting the defendant a new trial would have been "an exercise in futility and a waste of judicial resources." *Id.*

The same, however, cannot be said in appellant's case. Allowing appellant to stand convicted of the charged offenses when his right to a unanimous verdict was violated adversely affects the fairness and integrity of judicial proceedings. Accordingly, we reverse and remand for a new trial.

Because we conclude that appellant's right to a unanimous verdict was violated and he is entitled to a new trial, we decline to address appellant's remaining arguments.

**Reversed and remanded.**