*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1415**

State of Minnesota,
Respondent,

vs.

Nathan Thomas Boutilier,
Appellant.

**Filed September 14, 2015
Reversed and remanded
Klaphake, Judge**[*]

Douglas County District Court
File No. 21-CR-12-1715

Lori Swanson, Attorney General, Michael T. Everson, Assistant Attorney General, St. Paul, Minnesota; and

Chad Larson, Douglas County Attorney, Alexandria, Minnesota (for respondent)

Bradford Colbert, Legal Assistance to MN Prisoners, St. Paul, Minnesota (for appellant)

Considered and decided by Peterson, Presiding Judge; Ross, Judge; and Klaphake, Judge.

**U N P U B L I S H E D   O P I N I O N**

**KLAPHAKE**, Judge

On appeal from his conviction of felony domestic assault, appellant Nathan Thomas Boutilier argues that the evidence is insufficient to support the jury's finding that

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

Boutilier was convicted of two prior domestic-abuse-related offenses within the previous ten years, and that the district court erred by failing to give a specific-unanimity instruction and by admitting an order for protection. Because we conclude that the district court did not err, but the state failed to submit sufficient evidence to prove that Boutilier was convicted of more than one prior domestic-abuse-related offense, we reverse the judgment, reducing Boutilier's conviction to gross-misdemeanor domestic assault, and remand for resentencing.

## DECISION

### *Sufficiency of Evidence*

On review of a sufficiency-of-evidence claim, we conduct "a painstaking review of the record to determine whether the evidence and reasonable inferences drawn therefrom, viewed in a light most favorable to the verdict, were sufficient to allow the jury to reach its verdict." *State v. Vang*, 847 N.W.2d 248, 258 (Minn. 2014) (quoting *State v. Brown*, 732 N.W.2d 625, 628 (Minn. 2007)). We "presume that the jury believed the State's witnesses and disbelieved any contrary evidence." *State v. Buckingham*, 772 N.W.2d 64, 71 (Minn. 2009).

To prove felony domestic assault, the state was required to show that Boutilier (1) committed domestic assault or fifth-degree assault; (2) was previously convicted of two or more "qualified domestic violence-related" offenses as defined in Minnesota Statutes section 609.02, subdivision 16; and (3) those previous offenses occurred within the last ten years. Minn. Stat. § 609.2242, subd. 4 (2012). The state may prove a prior

conviction "by competent and reliable evidence, including a certified court record of the conviction." Minn. Stat. § 609.041 (2012).

At trial, the state argued that Boutilier had three prior convictions for violating an order for protection (OFP). The state presented evidence of these prior convictions in the form of witness testimony and four certified copies of pleas and judgments. Boutilier argues that the certified copies and testimony are insufficient to prove that he was actually convicted of two or more offenses of violating an OFP.

The first two certified copies indicate that on August 9, 2007, Boutilier pleaded guilty to two counts of violating an OFP, and on September 26, 2007, the Clay County District Court entered a judgment of guilt and sentenced Boutilier to 90 days in jail, stayed for 80 days, and imposed a $400 fine. A guilty plea becomes a "conviction" when it is recorded, Minn. Stat. § 609.02, subd. 5 (2012), and "a court 'records' a guilty plea upon accepting the guilty plea and adjudicating the defendant guilty on the record." *State v. Jeffries*, 806 N.W.2d 56, 63 (Minn. 2011) (quoting *State v. Martinez-Mendoza*, 804 N.W.2d 1, 6 (Minn. 2011)). The certified copies do not indicate that Boutilier was sentenced with respect to both counts, and so the certified copies prove only that Boutilier was convicted of one count of violating a domestic-abuse OFP. *See id.*

The third and fourth certified copies indicate that Boutilier pleaded guilty to an unspecified domestic abuse charge (the copy lists "Dom Abuse"). The copies further indicate that the district court entered judgment on January 26, 2009, and sentenced Boutilier to one year in jail, with 335 days stayed, and a $1,000 fine. The state must prove that the prior conviction is a qualified domestic-violence-related offense as defined

under Minnesota Statutes section 609.02, subdivision 16. Minn. Stat. § 609.02, subd. 16. The definition, which lists 21 various offenses, does not list an offense entitled "Dom Abuse" or "domestic abuse." *Id.* The record does not contain additional evidence, such as a transcript of a sentencing hearing, to provide information about the particular offense adjudicated on January 26, 2009.

Because the evidence in the record supports only one prior conviction, the evidence is insufficient to support the jury's finding that Boutilier was convicted of two or more prior qualified domestic-violence-related offenses. But proof of one prior qualified domestic-violence-related offense is sufficient to support a conviction of gross-misdemeanor domestic abuse. Minn. Stat. § 609.2242, subd. 2. Accordingly, we reverse the judgment, reducing Boutilier's conviction to gross misdemeanor domestic abuse in violation of Minnesota Statutes section 609.2242, subdivision 2, and remand for resentencing. *See* Minn. R. Crim. P. 28.02, subd. 12(c); *State v. Anderson*, 865 N.W.2d 712, 721 (Minn. App. June 8, 2015) (reversing and remanding for resentencing for lesser-included offense after appellant successfully challenged the sufficiency of the evidence supporting his first-degree controlled substance conviction).

### Jury Unanimity

Boutilier further argues that the district court plainly erred by failing *sua sponte* to instruct the jury to unanimously agree on which prior convictions qualified. Jury verdicts in criminal cases must be unanimous. Minn. R. Crim. P. 26.01, subd. 1(5). If different acts each constitute an element of the charged crime, "the jury must unanimously agree on which acts the defendant committed." *State v. Rucker*, 752 N.W.2d 538, 548 (Minn.

4

App. 2008), *review denied* (Minn. Sept. 23, 2008); (quoting *State v. Stempf*, 627 N.W.2d 352, 355 (Minn. App. 2001)). But "the jury need not always decide unanimously which of several possible means the defendant used to commit the offense in order to conclude that an element has been proved beyond a reasonable doubt." *State v. Ihle*, 640 N.W.2d 910, 918 (Minn. 2002). Because Boutilier did not request a unanimity instruction, or otherwise object, "we review for (1) error, (2) that is plain, and (3) that affects [Boutilier's] substantial rights." *State v. Wenthe*, 865 N.W.2d 293, 299 (Minn. June 24, 2015) (quoting *State v. Griller*, 583 N.W.2d 736, 740 (Minn. 1998)).

We need not decide whether the district court erred by failing to instruct the jury that it had to unanimously agree on which prior convictions qualified, because this alleged error did not affect Boutilier's substantial rights. *See id.* The jurors answered "yes" to the question: "Has the Defendant been convicted of two prior qualified domestic abuse-related offenses within ten years of October 7, 2012?" Even if every juror found that the state proved only two out of three convictions, the jurors nevertheless agreed unanimously that the state proved at least one conviction from the September 26, 2007 adjudication of the two counts of OFP violations. Accordingly, the error did not affect Boutilier's substantial rights because it could not have affected a verdict supporting a conviction for gross misdemeanor domestic abuse.

### *Order for Protection*

Boutilier further argues that the district court erred by admitting into evidence a copy of an OFP obtained by the victim against Boutilier. Boutilier contends only that the district court's admission of the OFP is inconsistent with the supreme court's decision in

*State v. Goelz*, 743 N.W.2d 249 (Minn. 2007). We review a decision to admit evidence for an abuse of discretion. *State v. Amos*, 658 N.W.2d 201, 203 (Minn. 2003).

In *Goelz*, the defendant was charged with first-degree domestic abuse murder for killing his girlfriend, and the district court erred by admitting a copy of an OFP obtained by the defendant's ex-wife. 743 N.W.2d at 254, 256. The OFP ordered the defendant to refrain from committing domestic abuse against his ex-wife and her children and to attend anger management courses. *Id.* at 254. The state argued that the OFP was relevant to his ex-wife's testimony that the defendant assaulted and threatened her. *Id.* at 255-56. The supreme court reasoned that the district court abused its discretion because the order itself had "weak" evidentiary value and did nothing to corroborate the ex-wife's testimony because it contained no findings by the court, no allegations by the victim, and was issued without any testimony. *Id.* at 256. In this case, the OFP contains a narrative in which the victim recalls how Boutilier pushed her on the ground, kicked her several times, and pulled her hair, and another incident in which he punched and scratched her. Thus, the OFP at issue here has stronger evidentiary value because it contains the information that was lacking from the OFP in *Goelz*. *See id.* Accordingly, the district court did not abuse its discretion in admitting the OFP.

Further, even if the admission of the OFP was in error, it was harmless. *See id.* at 257. First, the district court delivered a limiting instruction cautioning the jurors not to consider the OFP for improper purposes. *See id.* Second, the evidence in the case, including the testimony of the victim and two police officers, would likely have led jurors

6

to convict anyway.  *See id.* at 257-58; *State v. Hall*, 764 N.W.2d 837, 842 (Minn. 2009) (assessing whether error is harmless by viewing the "strength of the evidence of guilt").

**Reversed and remanded.**